# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **DR. ROSE HAMWAY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.   2:21-cv-925<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DR. ROSE HAMWAY** ("DR. HAMWAY"), by and through undersigned counsel, and brings this action against The School Board of Lee County, Florida ("Defendant") and state the following for her Complaint:

## INTRODUCTION

1. This is an action brought under Federal Rehabilitation Act of 1973 ("Rehab Act") and Florida's Public Whistleblower Act (PWA) for (1) retaliation in violation of the Rehab Act, and (2) retaliation in violation of the PWA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

1

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff' claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## PARTIES

5. Plaintiff, **DR. ROSE HAMWAY** ("**DR. HAMWAY**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant in Lee County, Florida.

6. Defendant, **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA** ("School" or "Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was Plaintiff's employer. The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance.

## GENERAL ALLEGATIONS

7. **DR. HAMWAY** began her employment with the Defendant in 2019 and was employed as a school psychologist. Her annual contract was extended on May 13, 2021.

8.     **DR. HAMWAY** always performed her assigned duties in a professional manner and was very well qualified for her position.

9.     **DR. HAMWAY** always received positive performance reviews until she objected to the Defendant's repeated noncompliance with the Rehab Act and the Individuals with Disabilities in Education Act (IDEA), in addition to the Defendant's noncompliance with the requirements of the School Environmental Safety Incident Reporting ("SESIR"), which is mandated by Florida law, more specifically F.S. §§1001.212, 1001.54(3), 1006.07(6)(a)1 and (9), and 1006.13, in addition to Fla. Admin. Code §6A-1.0017.

10.    Because discriminatory practices are often only raised and fixed when educators, parents, and others can report such practices freely to school administrators or to the government, Section 504 protects educators against retaliation for reporting discrimination and for their advocacy on behalf of their students. Any individual, disabled or not, is protected from retaliation for exercising his or her rights. Retaliation occurs when an employee is punished for engaging in legally protected activity such as reporting discrimination. Under Section 504 of the Rehab Act, advocacy on behalf of disabled students on issues related to their civil rights is protected activity and retaliation for such advocacy is prohibited. The federal regulations interpreting Section 504 make clear that the failure to meet the "individual educational needs" of the disabled violates the

Rehab Act. Accordingly, an educator who complains about and advocates for students concerning potential IDEA violations is protected under Section 504.

11. In her position, **DR. HAMWAY** observed that the Defendant was failing to comply with the Rehab Act and IDEA by denying Dr. Hamway's attempts to engage and contribute to students Individual Education Plan teams, creating barriers to the services needed and thus violating FAPE. The district failed to provide families with Prior Written Notice and Procedural Safeguards as required under CFR 104.36, thus not fully informing the parents of their rights and the impact of identifying a child with special education needs. Finally, concerns were raised regarding students identified with PreSchool Developmental Delays that are rising up to Kindergarten, using evaluation procedures intended to identify and then deny these children FAPE.

12. As was observed by **DR. HAMWAY**, the Defendant has a policy to under report – or never at all report – serious SESIR incidents to the Florida Department of Education, potentially putting children and faculty in danger.

13. Accordingly, **DR. HAMWAY** sent signed, written complaints regarding the Defendant's noncompliance with the law, as identified above at ¶¶11-12, and she did so in the following manner:

- April 15, 2021 Email Complaint to Defendant's Director of Psychological and Social Work Services;

- June 2, 2021 Email Complaint to the Florida Department of Education;

4

- June 6, 2021 Email Complaint to Defendant's Director of Psychological and Social Work Services;

- June 9, 2021 Email Complaint to the Defendant's ESE Staffing Coordinator;

- June 27, 2021 Email Complaint to Defendant's School Board Attorney;

- July 2, 2021 Email Complaint to Defendant's Legal Counsel and Coordinator of Equity and Civil Rights;

14. On August 3, 2021 – just days after engaging in statutorily protected activity –**DR. HAMWAY** was suddenly informed that her services were no longer needed and that her employment was terminated.

## **COUNT I – VIOLATION OF THE REHAB ACT, AS AMENDED**

15. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

16. At all relevant times, **DR. HAMWAY** was an individual protected by the Rehab Act.

17. **DR. HAMWAY** was qualified for the position that she held with the Defendant.

18. **DR. HAMWAY** did engage in statutorily protected activity.

19. **DR. HAMWAY** did suffer adverse employment action, which is causally linked to her engagement in statutorily protected activity.

20. **DR. HAMWAY**'s complaints and disclosures constitute a protected activity because her complaints and disclosures were concerning an unlawful activity of the Defendant.

21. Said protected activity was the proximate cause of the Defendant's negative employment actions against **DR. HAMWAY**, which included Plaintiff's termination.

22. Instead of investigating **DR. HAMWAY**'s complaints and lauding her honest reporting of violations of law, the Defendant retaliated against **DR. HAMWAY** by terminating her employment.

23. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the Rehab Act.

24. As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **DR. HAMWAY** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

25. As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DR. HAMWAY** is entitled to all relief necessary to make her whole as provided for under the Rehab Act.

26. As a direct and proximate result of the Defendant's actions, **DR. HAMWAY** has suffered damages, including but not limited to, a loss of

employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT

27. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

28. At all material times, **DR. HAMWAY** was an employee and the Defendant was her employer covered by and within the meaning of the PWA.

29. **DR. HAMWAY** was qualified for the position that she held with the Defendant.

30. **DR. HAMWAY** did engage in statutorily protected activity.

31. **DR. HAMWAY** did make several disclosures of the Defendant's violations of federal and Florida law and of gross mismanagement, malfeasance and misfeasance to the Defendant.

32. **DR. HAMWAY** did suffer adverse employment action, which is causally linked to her engagement in statutorily protected activity.

33. **DR. HAMWAY**'s complaints and disclosures constitute a protected activity because her complaints and disclosures were concerning an unlawful activity of the Defendant.

34. Said protected activity was the proximate cause of the Defendant's negative employment actions against **DR. HAMWAY**, which included Plaintiff's termination.

35. Instead of investigating **DR. HAMWAY**'s complaints and lauding her honest reporting of violations of law, the Defendant retaliated against **DR. HAMWAY** by terminating her employment.

36. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the PWA.

37. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, **DR. HAMWAY** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

38. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DR. HAMWAY** is entitled to all relief necessary to make her whole as provided for under the PWA.

39. As a direct and proximate result of the Defendant's actions, **DR. HAMWAY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Temporary reinstatement under F.S. §112.3187(9)(f);

vii. Reasonable attorney's fees plus costs;

viii. Compensatory damages, and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR TRIAL BY JURY IS HEREBY MADE

Respectfully submitted,

Dated: December 12, 2021    **/s/ Benjamin H. Yormak**_____
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com