UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DR. ROSE HAMWAY,

    Plaintiff,

v.                                     Case No: 2:21-cv-925-JES-NPM

THE SCHOOL BOARD OF LEE COUNTY, FLORIDA, a political subdivision of the State of Florida,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Temporary Reinstatement Under F.S. § 112.3187(9)(f) (Doc. #2) filed on December 12, 2021. Defendant filed a Response in Opposition (Doc. #23) on March 18, 2022, and plaintiff filed a Reply (Doc. #31) on April 11, 2022.  The Court heard oral argument on Plaintiff's motion on May 16, 2022.  For the reasons set forth below, the motion is denied.

I.

Plaintiff Dr. Rose Hamway (Plaintiff or Dr. Hamway) filed a two-count Complaint against the School Board of Lee County, Florida (Defendant or the School Board), a political subdivision of the State of Florida. (Doc. #1.) Count I alleges that the School Board violated the Rehabilitation Act of 1973 (Rehabilitation Act), while Count II alleges the School Board violated Florida's Public

1

Whistle-blower Act (PWA), Fla. Stat. §§ 112.3187-112.31895. (Id., pp. 5, 8.) Plaintiff asserts that she was employed by the School Board as a school psychologist, but that her employment was terminated by the School Board in retaliation for engaging in statutorily protected activity. (Id., ¶¶ 7, 14.) Plaintiff's current motion seeks an order compelling the Defendant to temporarily reinstate her employment with the School Board while the case progresses to an ultimate conclusion, as provided under Fla. Stat. § 112.3187(9)(f).

The School Board responds that Dr. Hamway has not shown entitlement to temporary reinstatement under the PWA. (Doc. #23, p. 17.) Defendant argues that Dr. Hamway (1) was not an "employee" of the School Board, and therefore cannot be "reinstated" to such employment; and (2) did not engage in protected activity under the PWA, even if she was an employee. (Id., pp. 1-2.)

**II.**

The Florida Public Whistle-blower's Act (PWA) was intended to "prevent agencies or independent contractors from taking retaliatory action against" two categories of persons: (1) "an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare;" and (2) "any person who discloses information to an appropriate agency alleging improper use of governmental office,

2

gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee." Fla. Stat. § 112.3187(2). See also Fla. Stat. § 112.3187(7), providing that the section protects employees and certain other persons. To further this legislative intent, the PWA prohibits "[a]n agency or independent contractor" from "dismiss[ing], discipline[ing], or tak[ing] any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section."  Fla. Stat. § 112.3187(4)(a).  As to a "person" generally, the PWA prohibits "[a]n agency or independent contractor" from "tak[ing] any adverse action that affects the rights or interests of a person in retaliation for the person's disclosure of information under this section." Fla. Stat. § 112.3187(4)(b). Three classes of persons may file a whistle-blower complaint: (1) an employee or applicant of any state agency; (2) any local public employee protected by the Act; and (3) any other person protected by the Act.  Fla. Stat. § 112.3187(8)(a)-(c); Sch. Bd. of Hillsborough Cnty v. Woodford, 270 So. 3d 481, 484 (Fla. 2d DCA 2019).

To establish a *prima facie* claim under the PWA, an employee must show that: "(1) [s]he engaged in a protected activity; (2) [s]he suffered an adverse employment action; and (3) there is a causal connection between the two events." Chaudhry v. Adventist Health Sys. Sunbelt, Inc., 305 So. 3d 809, 814-15 (Fla. 5th DCA

3

2020) (citations and quotation marks omitted). As a remedial statute, the PWA is liberally construed "in favor of granting access to protection from retaliatory actions." Igwe v. City of Miami, 208 So. 3d 150, 155 (Fla. 3d DCA 2016). Retaliation claims under the PWA are analyzed in the same manner as Title VII retaliation claims. Sch. Bd. of Palm Beach Cnty. v. Groover, 4D20-1547, 2022 WL 1100489, at *2 (Fla. 4th DCA Apr. 13, 2022); Chaudhry, 305 So. 3d at 814.

The PWA provides a range of mandatory statutory relief to a prevailing plaintiff, without necessarily precluding other types of relief. Iglesias v. City of Hialeah, 305 So. 3d 20, 22 (Fla. 3d DCA 2019)(allowing potential recovery of noneconomic compensatory damages not referenced in statute). The statutory remedies include reinstatement of a former employee to the same or an equivalent position. Fla. Stat. § 112.3187(9)(a). Under section 112.3187(9)(a), ultimate relief in a whistleblower action "must include" either reinstatement or reasonable front pay as alternative relief. Groover, 2022 WL 1100489, at *5.

Where the adverse employment action is alleged to be the discharge of an employee, relief also includes temporary reinstatement while the case is pending.

> Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or

4

>      the Florida Commission on Human Relations, as applicable
>      under s. 112.31895, determines that the disclosure was
>      not made in bad faith or for a wrongful purpose or
>      occurred after an agency's initiation of a personnel
>      action against the employee which includes documentation
>      of the employee's violation of a disciplinary standard
>      or performance deficiency. This paragraph does not apply
>      to an employee of a municipality.

Fla. Stat. § 112.3187(9)(f). Thus, temporary reinstatement is required if a plaintiff demonstrates he or she was an "employee" and that: "1) prior to termination the employee made a disclosure protected by the statute; 2) the employee was discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not occur after an agency's personnel action against the employee." State, Dep't of Transp. v. Fla. Comm'n on Human Relations, 842 So. 2d 253, 255 (Fla. 1st DCA 2003).

### III.

The record establishes the following basic facts:

Dr. Hamway was directly employed by the School Board from August 16, 2018 to February 8, 2019 (the 2018-2019 school year) as a school psychologist pursuant to a contract with the School Board. (Doc. #23-1, ¶ 8.) Dr. Hamway voluntarily resigned from this employment via an email dated January 25, 2019, and her last day of employment with the School Board was February 8, 2019. (Id., ¶ 8, p. 18; Doc. #23-2, ¶ 3.) Dr. Hamway has not been directly employed by the School Board since her resignation. (Doc. #23-1, ¶ 8.)

5

The School Board directly employs over 80 school psychologists and social workers to provide services relating to various mental health needs. (Doc. #23-1, ¶ 6.) The School Board also maintains professional service contracts with private contractors which provide their own personnel to the School Board when it is short-staffed or needs to fill a temporary position. (Id.) When the School Board enters into such a contract with a private contractor, the School Board pays the contractor directly for the services rendered by its personnel.  The School Board does not pay the individual directly nor provide employment benefits to the individual. (Id., ¶ 6.)

The School Board had a contract with Community Rehab Associates Therapy (CRA Therapy) for the 2020-2021 school year to supplement temporary positions, including a school psychologist position, with CRA Therapy personnel. (Id., ¶¶ 6-7, pp. 6-13.) Pursuant to its CRA Therapy contract, the School Board paid CRA Therapy directly for services provided by its personnel. (Id., ¶¶ 6, 10; Doc. #31-2, p. 1.)  The 2020-21 school year contract between the School Board and CRA Therapy was executed on July 28, 2020 and expired on June 30, 2021.  (Doc. #23-1, ¶ 7, p. 6.)

In November 2020, CRA Therapy contacted the appropriate School Board employee to see if the School Board would be interested in having Dr. Hamway fill an open school psychologist

6

position. (Doc. #23-1, ¶ 9.) The employee responded in the affirmative. (Id., ¶ 10.)

On December 7, 2020, Dr. Hamway signed an Offer of Employment and a Memorandum of Understanding and Agreement with CRA Therapy. (Id., ¶ 9; Doc. #31-2, p. 1.) Under these documents Dr. Hamway accepted "at will" employment with CRA Therapy for the 2020-2021 school year. (Doc. #31-2, p. 2.) CRA Therapy agreed to employ "the undersigned employee" (Dr. Hamway) as a school psychologist for its client (the School Board) for up to fifteen hours a week. (Id., p. 1.) Dr. Hamway worked two days a week at an elementary school until the end of the 2020-2021 school year. (Doc. #23-1, ¶ 10.) During this time, the School Board paid CRA Therapy for Dr. Hamway's services, and CRA Therapy in turn provided an hourly compensation rate of $51.50 to Dr. Hamway. (Id.; Doc. #31-2, p. 1.)

During her employment with CRA Therapy, Dr. Hamway sent six emails to various persons or entities which she asserts were protected disclosures under the PWA. (Doc. #1, ¶ 13; Doc. #2, pp. 8, 16-20.)

The School Board entered into a contract with CRA Therapy for school year 2022-2023, but did not need outside services at the elementary school for that year. Dr. Hamway asserts that this resulted in her "discharge" from her employment with the School Board in retaliation for her protected emails. Dr. Hamway now

7

seeks temporary reinstatement to her part-time employment with the School Board. (Doc. #1, ¶ 14.)

**A. Whether Plaintiff Was an "Employee" of School Board**

Defendant argues that Dr. Hamway is not entitled to temporary reinstatement because she was not an "employee" of the School Board. Defendant points out that Dr. Hamway had no contract with the School Board for employment, but did have an employment contract with CRA Therapy; the School Board did not directly pay her wages or benefits, and she was not under the control and direction of the School Board at the time of her alleged discharge. Rather, Defendant asserts that Dr. Hamway was an employee of CRA Therapy, as her written employment agreements state. (Doc. #23, pp. 6-7.) Defendant therefore asserts that reinstating Dr. Hamway to her former position is not possible since she had no employment position with the School Board, citing Moise v. Miami-Dade Cnty., 2018 U.S. Dist. LEXIS 143667, at *39 (S.D. Fla. Aug. 22, 2018)). (Id.)

Dr. Hamway concedes that School Board accepted her employment through CRA Therapy, which had a contractual agreement with the School Board to provide on-site behavioral services. (Doc. #31, p. 2.) Dr. Hamway reasons, however, that she "is a *person* who performs services through an independent contractor (CRA Therapy), which has a contract with the Defendant in accordance with F.S. §

8

112.3187(3)(d)," and thus she is a protected "employee" under the PWA.[1] (Id., pp. 2-3.) The Court disagrees.

The statute defines an employee as a "person who performs services for, and under the control and direction of, or contracts with, an agency or independent contractor for wages or other remuneration." Fla. Stat. § 112.3187(3)(b). An "agency" includes any "state, regional, county, local, or municipal government entity, . . . or any public school . . . ," and an "independent contractor" is "a person, other than an agency, engaged in any business and who enters into a contract, including a provider agreement, with an agency." Fla. Stat. §§ 112.3187(3)(a), (d).

The Court concludes that Dr. Hamway was not an "employee" of the School Board for purposes of temporary reinstatement under the PWA. There is no evidence of a direct contractual relationship between the School Board and Dr. Hamway, nor has she presented evidence that the School Board controlled or directed her conduct. The School Board did not pay Dr. Hamway's wages and provided no

---

[1] During oral argument, Plaintiff alternatively argued that she was an independent contractor of the School Board, and thus she is an "employee" as defined by the PWA. Even liberally construing the PWA, the Court does not agree. The evidence shows that CRA Therapy, not Plaintiff, had contracted with the School Board to offer certain services. Therefore, pursuant to Fla. Stat. § 112.3187(3)(d), Plaintiff was not an independent contractor who had contracted with an "agency." This conclusion is further supported by Dr. Hamway's contract with CRA Therapy, which states under the "Covenants and Provisions" section that "[t]he employee [Dr. Hamway] agrees to work at the referred position through CRA as a CRA employee." (Doc. #31-2, p. 6.)

9

benefits. While Dr. Hamway performed services for the School Board, the School Board was CRA Therapy's client, and CRA Therapy was the company which hired her. The only employment relationship Dr. Hamway had was with CRA Therapy. Thus, any request to be reinstated pursuant to the PWA would have to be directed to CRA Therapy. See Moise, 2018 U.S. Dist. LEXIS 143667, at *39; see also Irwin v. Miami-Dade Cty. Pub. Schs., No. 06-23029-CIV-COOKE/B, 2009 U.S. Dist. LEXIS 14382, at *13 (S.D. Fla. Feb. 24, 2009)(concluding the plaintiff had no actionable claim under Section 112.3187 against the Florida Department of Law Enforcement because he was not employed by the Department). Accordingly, the Court agrees with Defendant that Dr. Hamway is not entitled to reinstatement to a position with the School Board under the PWA since she was not a School Board employee. Plaintiff's motion for temporary reinstatement is therefore denied.

### B. Whether Plaintiff Was "Discharged" by School Board

Generally, the PWA applies to adverse employment actions. One such adverse employment action – discharge – is given an additional remedy. The statute requires temporary reinstatement pending trial when an employee has been *discharged* in retaliation for a protected disclosure. Fla. Stat. § 112.3187(9)(f). Thus, temporary reinstatement under the PWA is only available when an employee has been "discharged" allegedly in retaliation for a protected disclosure. Luster v. W. Palm Beach Hous. Auth., 801

10

So.2d 122, 123 (Fla. 4th DCA 2001). An employee who has been simply transferred or demoted has no statutory right to temporary reinstatement. Id. See also Metro. Dade Cty. v. Milton, 707 So.2d 913, 914-15 (Fla. 3d DCA 1998); Utterback v. Sch. Bd. of Palm Beach County, 219 So. 3d 940 (Fla. 4th DCA 2017). The Florida legislature recognized the distinction between "discharge" and other "adverse personnel action" and chose to require reinstatement only where a discharge has resulted. Milton, 707 So. 2d at 915. Luster v. W. Palm Beach Hous. Auth., 801 So. 2d 122, 123-24 (Fla. 4th DCA 2001).

The dictionary defines the term "discharge" as "to dismiss from employment: to terminate the employment of." Webster's Third New Int'l Dictionary 644 (1986); Black's Law Dictionary 463 (6th ed. 1990) ("To dismiss from employment; to terminate employment of a person."). There is no evidence of record showing that Plaintiff was dismissed or terminated from her employment as to CRA Therapy, or the School Board for that matter. In a July 2, 2021 email Dr. Hamway states that "[o]n June 25th [2021], my contract as a School Psychology Consultant with the Lee County School District expired." (Doc. #2-6, p. 2.) During oral argument, the parties agreed that CRA Therapy's contract with the School Board expired on June 30, 2021. Dr. Hamway's contract with CRA Therapy states that she was offered employment for a definitive period – the "2020-2021 school year" and the contract makes no mention of any

11

option for renewal or extension of employment beyond the end of this time period. (Doc. #31-2, p. 1.) Accordingly, Dr. Hamway's contract simply expired and absent from the record is any evidence that she was "discharged." See generally, Meredith v. Sch. Bd., No. 6:05-cv-1246-Orl-28DAB, 2007 U.S. Dist. LEXIS 114248, at *23 (M.D. Fla. July 10, 2007), aff'd 260 F. App'x 214 (11th Cir. 2007)(finding plaintiff was not wrongfully discharged where she was not terminated with or without cause; rather, her annual contract expired and was not renewed).

**C. Whether Plaintiff's Emails Were "Protected Disclosures"**

Pursuant to Fla. Stat. § 112.3187(7), Dr. Hamway identifies six emails that she asserts are the protected disclosures of "employees and persons" who disclose information on their own initiative in a written and signed complaint. (Doc. #2, pp. 8-9, 16-20.) The Court, however, does not find it necessary to address whether Dr. Hamway's emails constitute protected disclosures since she has not demonstrated that she was an "employee" who was "discharged" in accordance with the PWA.

Accordingly, it is now

**ORDERED:**

Plaintiff Dr. Rose Hamway's Motion for Temporary Reinstatement Under F.S. § 112.3187(9)(f) (Doc. #2) is **DENIED.**

12

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of May, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record